## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 1:17-cv-02688-RM-KMT

SANUVAIRE, LLC,

      Plaintiff,

v.

SUTRAK CORPORATION,

      Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff's corrected partial motion for summary judgment. (ECF No. 1018.) The motion has been fully briefed. (ECF Nos. 1020, 1024.) The Court grants the motion for the reasons below.

### I.     LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Whether there is a genuine

dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

## II.    BACKGROUND

A brief recitation of the relevant background suffices for present purposes; a longer version of the history of this case can be found in the Court's order on September 4, 2019 ("September 4 Order") (ECF No. 1017).

On February 12, 2016, Defendant ordered 55 ultraviolet germicidal irradiation ("UVGI") kits at a cost of $1,575 each from JKA Company ("JKA"). (ECF No. 1025 at ¶¶ 11, 64.) On February 18, Plaintiff acquired JKA's assets, including Defendant's February 12 order. (*Id.* at ¶ 67.) On March 28, 2016, Defendant informed Plaintiff that it was amending its order to 49 kits instead of 55. (*Id.* at ¶ 11.) Plaintiff completed the order in multiple shipments and sent Defendant a final invoice for $52,754.63, the cost of 33 UVGI kits and a shipping fee. (*Id.* at ¶¶ 12, 13, 82.)

On September 9, 2016, Defendant sent Plaintiff a partial payment of just $13,379.63, explaining that it had conducted an audit of its past transactions with Plaintiff and JKA (going back to 2012) and determined that it "had issued payment of $39,375 for components that [Defendant] could not verify it had actually received." (*Id.* at ¶ 78.) Defendant had previously asked Plaintiff "for proof of shipment of the products on . . . three invoices from JKA" in 2013

2

and 2014 which totaled $39,375. (*Id.* at ¶ 84.) The parties disagree on whether the documents Plaintiff ultimately provided to Defendant in response resolve the alleged "billing discrepancy." (*See id.* at ¶ 83.)

Plaintiff refused to accept the partial payment and later filed this lawsuit. In the September 4 Order, the Court granted summary judgment in favor of Defendant on all of Plaintiff's claims except for its breach of contract claims and allowed Plaintiff to file its corrected motion for summary judgment, which sought summary judgment on the breach of contract claims as well as other claims on which Defendant had been granted summary judgment. Defendant filed a response addressing only the claims for breach of contract (ECF No. 1020), and Plaintiff filed a reply (ECF No. 1024).

## III.    ANALYSIS

To state a claim for breach of contract under Colorado law, a plaintiff must show (1) the existence of a contract, (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (en banc).

Plaintiff contends it is entitled to summary judgment on its breach of contract claims because it is undisputed that the parties had a contract for 49 UVGI kits, Plaintiff performed by delivering the kits, and Defendant refused to perform by paying in full the final invoice, resulting in damages to Plaintiff. Defendant first argues that there is a genuine issue of material fact precluding summary judgment because it cannot verify that it received 25 UVGI kits that were invoiced by JKA in 2013 and 2014. Defendant also argues that the September 4 Order precludes granting summary judgment in favor of Plaintiff because there the Court held that genuine issues of material fact precluded granting summary judgment in Defendant's favor on the breach of

contract claims. The Court rejects both these arguments and concludes that Plaintiff is entitled to summary judgment.[1]

First, Defendant has not adduced any evidence to support its contention that it paid JKA for 25 UVGI kits (costing $39,375) that it never received. According to Defendant, "[t]he $39,375 billing discrepancy that [it] discovered related to invoices that [it] paid to JKA but for which [Defendant] could not find proof of having received a shipment or the related inventory listed on the invoices." (ECF No. 1025 at ¶ 79.) However, an *alleged* factual dispute between the parties is insufficient to defeat a properly supported motion for summary judgment. *See Scott*, 550 U.S. at 380. The question is "whether the *evidence* presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (emphasis added). Here, Defendant alleges merely that it lacks proof of having received shipment with respect to three invoices that it paid to JKA. But Defendant presents no evidence to support its position that it paid for more UVGI kits than it received, and the Court finds that its "lost receipts" defense is insufficient to raise a genuine issue as to whether Plaintiff is entitled to payment in full on its final invoice.

Aside from its lack-of-proof argument, Defendant relies on a spreadsheet it created in 2016 that purports to document its transactions with Plaintiff and JKA going back to 2012. Defendant's continued reliance on the spreadsheet is puzzling in light of the September 4 Order. There, the Court considered the spreadsheet in connection with Defendant's motion for summary judgment and concluded that "[b]y no means does it establish the relevant transaction history as

---

[1] As in the September 4 Order, the Court does not need not to reach the issue of whether Plaintiff is estopped from arguing that it is not a continuation of JKA. For present purposes, the Court assumes that Plaintiff is a continuation of JKA.

a matter of fact," and that it "sheds absolutely no light on whether Defendant's failure to perform by paying the final invoice is justified." (ECF No. 1017 at 6-7.) Defendant has not clarified matters in its response to Plaintiff's motion for summary judgment and continues to proffer reasons for nonpayment that are incoherent and inconsistent with one another as well as the record. For example, in an e-mail sent to Plaintiff on September 23, 2016, Defendant claimed a billing discrepancy of $33,352.50 on the ground that it had ordered 543 UVGI kits but been billed for 544. (ECF No. 1025 at ¶ 8.) This argument is incoherent given the undisputed fact that UVGI kits cost $1,575. Elsewhere in the record, Defendant has claimed that it was billed for 564 UVGI kits but received only 544. (*Id.* at ¶ 77.) This argument appears to be inconsistent with the preceding one, and both are patently inconsistent with the position Defendant takes now—that it is entitled to a credit equivalent to the cost of 25 UVGI kits. Accordingly, for the reasons stated in the September 4 Order, the Court now further finds that the spreadsheet and Defendant's assorted conclusory arguments are insufficient to establish a genuine issue as to whether Defendant was obligated to pay the final invoice in full.

Instead of presenting evidence to support its contention that it overpaid JKA by $39,375, Defendant argues that Plaintiff must "provid[e] evidence to disprove the overpayment" (ECF No. 1020 at 13) that Defendant has alleged. This position is untenable. It is undisputed that Plaintiff fulfilled its obligations with respect to the final purchase order. To the extent Defendant wishes to rely its history of transactions with JKA to justify a $39,375 credit on the final invoice for that purchase order, it is Defendant that must present evidence to support its contention that it made an overpayment. In the absence of such evidence, there is no genuine issue of material fact with respect to its obligation to pay in full Plaintiff's final invoice. Defendant argues that in an attempt to resolve the billing discrepancy, it requested from Plaintiff "'proof of shipment' of the

products listed on three specific invoices from JKA in 2013 and 2014." (*Id.*) As mentioned above, the parties disagree on whether the records Plaintiff ultimately provided to Defendant resolve the alleged billing discrepancy. But in any event, Defendant cites no authority for the proposition that Plaintiff had a duty to supply such proof. The "overpayment" transactions alleged by Defendant occurred more than two years before Plaintiff was formed, acquired JKA, or sent its final invoice to Defendant. In the absence of any showing or argument that Plaintiff failed to perform a duty it owed to Defendant (again, there is no dispute that Plaintiff performed its obligations with respect to the final purchase order), Defendant has failed show the existence of a genuine issue of material precluding summary judgment on Plaintiff's claims for breach of contract.

Defendant's second argument for denying summary judgment is that the September 4 Order, which denied summary judgment in Defendant's favor on Plaintiff's claims for breach of contract, precludes granting summary judgment in Plaintiff's favor on those claims. The Court addressed these motions sequentially for procedural reasons, but it still treats them as it would any other cross motions for summary judgment, meaning that it analyzes them separately, and the denial of one does not require the grant or denial of another. *See United States v. Supreme Court of New Mexico*, 839 F.3d 888, 906-07 (10th Cir. 2016). Moreover, the legal theory that Plaintiff advances in its motion for summary judgment is not identical to the one advanced by Defendant in its motion.

Defendant's motion for summary judgment argued that Plaintiff's claims for breach of contract must fail because there was no genuine issue that it was entitled to a $39,375 credit on the final invoice. In the context of evaluating Defendant's argument that it was entitled to a $39,375 credit, the Court concluded that "there clearly is a genuine issue as to what additional

amount [above the undisputed amount of $13,379.63], if any, Defendant owes Plaintiff." (ECF No. 1017 at 7.) But that conclusion does not mean that Plaintiff cannot prevail on its own motion for summary judgment by showing there is no genuine issue with respect to its entitlement to payment in full on its final invoice for $52,754.63. As discussed above, it is undisputed that Plaintiff fulfilled its obligations with respect to the final purchase order and that Defendant refused to pay the final invoice. Defendant has provided several rationales for withholding $39,375 from its final payment, but ultimately it fails to show there is a genuine issue for trial because it has not provided evidence to support any of those rationales. Under these circumstances, Plaintiff is entitled to summary judgment.

## IV. CONCLUSION

The Court GRANTS Plaintiff's motion (ECF No. 1018) and RULES that Defendant must remit to Plaintiff the full amount of the final invoice, $52,754.63. The Court further ORDERS the parties to file, within fourteen days of this order, status reports as to what issues, if any, remain in this case.

DATED this 20th day of December, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge